UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HOA ONG,

      Petitioner,

v.

KEVIN RAYCRAFT et al.,

      Respondents.

_____/

Case No. 1:26-cv-1844

Hon. Hala Y. Jarbou

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss the petition without prejudice.

## **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner subject to "reasonable terms of supervision." (Pet., ECF No. 1, PageID.20.)

In an order entered on June 17, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondents filed their response on June 23, 2026. (ECF No. 4.) Petitioner filed his reply on June 26, 2026. (ECF No. 5.)

**II.**     **Relevant Factual Background**

Petitioner is a native and citizen of Vietnam. (Pet., ECF No. 1, PageID.6.) On or about April 7, 1994, the United States Department of Justice paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5) "in the public interest for an indefinite period" as part of the Family Reunification Subprogram of the Orderly Departure Program. (Apr. 7, 1994, Parole Letter, ECF No. 103, PageID.26.) (stating that Petitioner was paroled into the United States pursuant to "Section 212(d)(5) of the Immigration and Nationality Act," which is codified at 8 U.S.C. § 1182(d)(5)).) Petitioner has not left the country since his initial entry into the United States on or about April 7, 1994. (Pet., ECF No. 1, PageID.6.)

On September 30, 2025, ICE agents arrested Petitioner and issued him a Notice to Appear (NTA), which charged Petitioner as removable under section 237(a)(1)(C)(i) of the Immigration and Nationality Act (INA), "in that, at any time after entry or admission, [Petitioner] failed to maintain the status in which he was admitted." (Suriano Decl. ¶ 14, ECF No. 4-1, PageID.50.) Petitioner was not provided with any explanation for the revocation of his parole. (Pet., ECF No. 1, PageID.7.)

On November 13, 2025, an Immigration Judge (IJ) with the Detroit Immigration Court ordered Petitioner removed to Vietnam. (IJ Order, ECF No. 4-2.) Petitioner did not appeal the order of removal, (Suriano Decl. ¶ 16, ECF No. 4-1, PageID.50), making Petitioner's order of removal administratively final on or about December 13, 2025.[1]

---

[1] For the purposes of 8 U.S.C. § 1231(a), a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). Petitioner had 30 days from which to file an appeal of the November 13, 2025, order of removal. 8 C.F.R. § 1003.38 (2025).

On March 4, 2026, ICE Detroit Enforcement and Removal Operations (ERO) officials submitted a travel request "to the Headquarters Removal and International Operations (HQ/RIO) Detention and Deportation Officer (DDO) for review." (*Id.*, ¶ 17.) That request is still pending. (*Id.*)

Petitioner remains in ICE custody. (Resp., ECF No. 4, PageID.45.) Respondents are waiting for Vietnamese officials to issue Petitioner a passport and "will schedule [Petitioner's] removal" once a passport is issued. (Suriano Decl. ¶ 24, ECF No. 4-1, PageID.51.)

## III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.    Merits Discussion

Petitioner contends that his detention is contrary to § 1231 and violates the Due Process Clause of the Fifth Amendment. (Reply, ECF No. 5, PageID.62.) In response, Respondents argue that Petitioner's continued detention under 8 U.S.C. § 1231(a) remains lawful and does not implicate the constitutional concerns identified in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). (*See* Resp., ECF No. 4, PageID.43–45.)

Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney

3

General shall detain the alien." *Id.* § 1231(a)(2)(A). In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*[2] "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner argues that there is a good reason to believe that his removal is not significantly likely because ICE has not obtained a travel document for him from the Vietnamese authorities or scheduled his removal flight. (*See* Pet., ECF No. 1, PageID.14.) This is insufficient to establish that Petitioner's removal is not reasonably foreseeable.  Respondents submitted a travel-document request to the Vietnamese embassy at some point after March 4, 2026. (Suriano Decl. ¶¶ 17, 24, ECF No. 4-1, PageID.50–51.)  They represent that Petitioner's removal will be scheduled as soon as the embassy issues Petitioner's passport. (*Id.* ¶ 24.)  Petitioner has pointed to nothing that might impede the embassy's processing of the passport application or Respondent's removal of Petitioner once the passport is obtained.  Under these circumstances, the Court concludes that Petitioner's

---

[2] The Supreme Court has held that § 1231(a)(6) does not require the "Government to offer detained noncitizens bond hearings after six months of detention in which the Government bears the burden of proving by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community." *See Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576 (2022). The Court, however, did not reach Arteaga-Martinez's constitutional or *Zadvydas* claims, concluding that such claims were not properly before the Court. *See id.* at 583–84.

removal is "reasonably foreseeable."[3] *Zadvydas*, 533 U.S. at 699. The Court, therefore, will dismiss Petitioner's § 2241 petition.

### Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: July 16, 2026                    /s/ Hala Y. Jarbou
                                        HALA Y. JARBOU
                                        CHIEF UNITED STATES DISTRICT JUDGE

---

[3]Since Petitioner's removal is reasonably foreseeable, Respondents may continue to detain Petitioner under § 1231(a). See *Martinez v. Larose*, 968 F.3d 555, 565 (6th Cir. 2020) (declining to impose "a general rule that aliens detained under § 1231(a) must receive a bond hearing" after a specific period).